**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEJANDRO OCHOA,

                Plaintiff-Appellant,

  v.

COUNTY OF KERN; et al.,

                Defendants-Appellees.

No.   23-15276

D.C. No.
1:18-cv-01599-JLT-CDB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted March 12, 2024[**]
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Alejandro Ochoa appeals the district court's post-trial

order denying his renewed motion for judgment as a matter of law or, in the

alternative, for a new trial. We assume the parties' familiarity with the facts and

recite them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

We review de novo a district court's denial of a motion for judgment as a matter of law brought pursuant to Federal Rule of Civil Procedure 50(b). *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). We must uphold the jury's verdict if it is "supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Id.* (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)). We review for abuse of discretion a district court's denial of a motion for a new trial brought pursuant to Rule 59. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010) (per curiam).

## I

The district court did not err by denying Ochoa's renewed motion for judgment as a matter of law on his Fourth Amendment excessive force claims against Deputies Ryan Brock and Andrew Bassett. Ochoa's motion turns on whether the evidence introduced at trial was sufficient for the jury to conclude that the deputies' actions were "'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "This inquiry 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Glenn v. Washington County*, 673 F.3d 864, 871

(9th Cir. 2011) (quoting *Graham*, 490 U.S. at 396). To determine the nature and quality of the Fourth Amendment intrusion, we begin by "consider[ing] the quantum of force used" by Deputies Brock and Bassett. *Id.* We then determine the weight of the countervailing governmental interest in the use of force using the *Graham* factors: "(1) the severity of the crime; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Sabbe v. Wash. Cnty. Bd. of Comm'rs*, 84 F.4th 807, 822 (9th Cir. 2023).

Substantial evidence supports the jury's finding that Deputy Brock's actions were objectively reasonable when he shot Ochoa with a projectile from a 40mm less-than-lethal launcher. The parties agree that the 40mm launcher was capable of inflicting—and did inflict—serious injury and that "a strong governmental interest" was required to justify its use. *Deorle v. Rutherford*, 272 F.3d 1272, 1280 (9th Cir. 2001).

The evidence submitted at trial and the reasonable inferences drawn from it support the jury finding in favor of Deputy Brock on all three *Graham* factors. The testimony established that the deputies responded to a domestic violence call involving a potential hostage situation and knew Ochoa had an outstanding warrant for failure to appear in court for a felony spousal abuse charge. *See Thomas v. Dillard*, 818 F.3d 864, 890 (9th Cir. 2016) ("[W]e first consider the severity of the

3

crime at issue. Any form of domestic violence is serious . . . .").  The evidence showed that Ochoa was not allowing anyone to leave the house and that, after he retreated to a bathroom, the deputies were not sure whether any additional hostages were in the room with him.  The jury also could have concluded that Ochoa posed an immediate threat to the deputies when Deputy Brock fired the less-than-lethal projectile.  Brock testified that Ochoa ignored deputies' commands to surrender, that neither Ochoa nor the bathroom had been searched for weapons, and that Ochoa was screaming with his fists clenched near his waistband.  Finally, the jury could have concluded that Ochoa was attempting to evade arrest by retreating to a bathroom, locking the door, not responding to the deputies' instructions, and not complying after the door was breached.  *See Chew v. Gates*, 27 F.3d 1432, 1442 (9th Cir. 1994) (giving "a slight edge" to the government on the third *Graham* factor where the plaintiff evaded police but, at the moment force was used, "his flight had terminated, at least temporarily, in [a] scrapyard").

Substantial evidence also supports the jury's finding that Deputy Bassett's actions were objectively reasonable when he instructed his canine to bite Ochoa. The parties agree that Deputy Bassett's use of a canine to subdue Ochoa constituted at least intermediate force and could only be justified by a strong governmental interest.  The evidence permitted the jury to conclude that a strong governmental interest existed because Ochoa posed an immediate risk to the safety

4

of the deputies when Deputy Bassett deployed his canine. Bassett testified that he was concerned that the deputies attempting to restrain Ochoa could have been injured in the struggle and that he did not know whether Ochoa was armed or if there was a weapon somewhere in the bathroom. The jury also could have credited Deputy Bassett's testimony that he released his canine because Ochoa was violently resisting the deputies' efforts to take him into custody. Because "[t]he evidence presented was far from 'one-sided' and did not give rise to 'but one reasonable conclusion as to the verdict,'" Ochoa was not entitled to judgment as a matter of law. *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1116–17 (9th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 252 (1986)).

## II

The district court did not abuse its discretion by denying Ochoa's motion for a new trial. Ochoa provided no argument or authority in support of his motion, and "it cannot be said that there was an 'absolute absence of evidence to support the jury's verdict.'" *Crowley v. Epicept Corp.*, 883 F.3d 739, 752 (9th Cir. 2018) (quoting *Kode*, 596 F.3d at 612).

**AFFIRMED.**